**LOWENSTEIN SANDLER** PC
Attorneys At Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
Attorneys for Defendant



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VASSOS MARANGOS<br><br>      Plaintiff,<br><br>      -v-<br><br>FLARION TECHNOLOGIES, INC.<br><br>      Defendant. | Civil Action No.: **05-4919 (GEB)**<br><br><br>**NOTICE OF REMOVAL** |

TO:      Clerk, United States District Court
          District of New Jersey
          M.L. King, Jr. Federal Bldg. & U.S. Courthouse
          50 Walnut Street
          Newark, New Jersey 07102

      **PLEASE TAKE NOTICE THAT**, pursuant to 28. U.S.C. § 1441 *et seq.*, defendant Flarion Technologies, Inc. ("Flarion") hereby removes the within action currently pending in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-3751-05, (the "Action"), to the United States District Court, District of New Jersey (the "District Court") and in connection therewith states:

      1.     Flarion is named in a Complaint pending in the Superior Court of New Jersey, Law Division, Monmouth County (see Complaint attached as Exhibit A). The Complaint was served on September 6, 2005.

      2.     Flarion's time to move or answer with respect to the Complaint has not expired.

17332/3
10/04/2005 1790919.01

3.      Removal of this Action to the District Court is timely under 28 U.S.C. § 1446(b) as this Notice is filed within thirty days after service of the Complaint.

4.      According to the Complaint, Plaintiff is a resident of California.

5.      Flarion is a Delaware corporation with its principal place of business located at 135 Route 202-206 South, Bedminster, New Jersey.

6.      A reasonable interpretation of the allegations of the Complaint indicates that the amount in controversy in this action exceeds the sum of $75,000.

7.      Because there is no defendant who is a resident of California, complete diversity exists, and this action is therefore within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1).

8.      Promptly after the filing of this Notice of Removal, Flarion will provide written notice to Plaintiff and copies of the pleadings served in connection herewith.

9.      A copy of this notice will be filed with the Clerk for the Superior Court of New Jersey, Monmouth County, thus effecting removal under 28 U.S.C. § 1446(d).

**WHEREFORE**, Flarion requests that the Clerk for the District Court place the Action on its docket and notify the Superior Court of New Jersey, Monmouth County, that the Action has been removed and that all further proceedings in the Action will take place in the District Court.

**LOWENSTEIN SANDLER** P C
Attorneys for Defendant

By: _____
David M. Wissert, Esq.

Dated:  October 4, 2005

-2-



## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of this Notice of Removal to be served on Plaintiff at 15939 Avenida Venusto, #1236, San Diego, CA 92128, via Fed Ex, on this 5th day of October, 2005.  I certify under penalty of perjury that the foregoing is true and correct.

LOWENSTEIN SANDLER P C
Attorneys for Defendant

By:
Jessica L. Herbster, Esq.

-3-

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. I further certify that, to the best of my knowledge, no other parties need be joined in this matter. I certify under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2005.

**LOWENSTEIN SANDLER** P C
Attorneys for Defendant

By: _____
David M. Wissert, Esq.

Vassos Marangos
15939 Avenida Venusto, # 1236
San Diego, CA 92128
908-729-9023

*Plaintiff Pro Se*

SHERIFF'S OFFICE
~~COUNTY, N.J.~~
RECEIVED

05 ~~~~ 03 AM 9 54

~~~~SSED

Demand..................$90,737,000.00
Summons..................$      200.00
Attorney's Fess.........$      Unknown
**TOTAL..................$90,737,200.00**

---

*VASSOS MARANGOS*              :
                              :
               *Plaintiff,*    :
                              :
        vs.                   :
                              :
*FLARION TECHNOLOGIES*         :
                    *Inc.*     :
                              :
               *Defendant,*  :

---

SUPERIOR COURT of NEW JERSEY
LAW DIVISION, CIVIL PART
MONMOUTH COUNTY

*Docket No.*   MON-L-3751-05

**Civil Action**

**SUMMONS**

FLARION TECHNOLOGIES INC.
*To be served: Mr. Ray Dolan, CEO*
135 Route 202/206 South
Bedminster, NJ 07921

**THE STATE OF NEW JERSEY TO:** FLARION TECHNOLOGIES INC.
**DEFENDANT,** YOU ARE SUMMONED to answer the lawsuit filed against you in the Superior
Court of New Jersey by the plaintiff named above. The complaint attached states the basis for
this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or
motion and proof of service with the deputy clerk of the Superior Court within 35 days from the
date you receive this summons, not counting the day you received it. The address of the Deputy
Clerk of the Superior Court is 71 Monument Park, P.O. Box 1269, Freehold, NJ 07728-1269. A
filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement
(available from the deputy clerk of the Superior Court) must accompany your answer or motion
to plaintiff. A telephone call will not protect your rights; you must file and serve a written
answer or motion (with fee of $135 and completed Case Information Statement) if you want the
Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may
enter a judgment against you for the relief plaintiff demands, plus interest and cost of suit. If
judgment is entered against you, the Sheriff may seize your money, wages or property to pay or
pay part of the judgment.

If you do not have an attorney, you may call: (732)431-5544 for the Monmouth County
Lawyer Referral Service. If you cannot afford an attorney, you may call the following: 732-747-
7400 for the Monmouth County Legal Services.

DONALD F. PHELAN
Clerk of the Superior Court

Dated: August 16, 2005

Vassos Marangos
15939 Avenida Venusto, # 1236
San Diego, CA 92128
908-729-9023

*Plaintiff Pro Se*

---

|  |  |  |
|---|---|---|
| **VASSOS MARANGOS** | : | *SUPERIOR COURT of NEW JERSEY* |
| | : | *LAW DIVISION, CIVIL PART* |
| *Plaintiff,* | : | *MONMOUTH COUNTY* |
| | : | |
| vs. | : | *Docket No.*   MON-L-3751-05 |
| | : | |
| | : | **Civil Action** |
| **FLARION TECHNOLOGIES INC** : | | |
| | : | **COMPLAINT** |
| *Defendant,* | : | *Ethnic Discrimination, Hostile Environment,* |
| | : | *Conspiracy, Extortion, Negligence* |
| | : | |

Plaintiff, **Vassos S. Marangos**, residing at 15939 Avenida Venusto, #1236, San Diego, California 92128, complaining of defendant states as follows:

1.     The plaintiff was an employee of the **Defendant,** FLARION TECHNOLOGIES INC., twice, first for a period of four (4) months from September 2002 to January 2003 and again for a period of approximately one (1) year from March 2004 to March 2005.

2.     The defendant was warned in February and March 2005 that legal action by the plaintiff against the defendant was to be initiated.

3.     The **defendant** will be interchangeably refer to in the within complaint as the "the Company" or "Flarion" or "the Defendant"

4.     During his employment at Flarion, the plaintiff was assigned to the RF Hardware Department managed by Director Victor Abramsky, a naturalized US citizen from Ukraine.

5.     The plaintiff, a naturalized US citizen whose ethnic background is Greek, was hired by the defendant into the job position of RF hardware engineer.

6.     On February 22, 2005 under chronic conditions of ethnic discrimination and a hostile environment and his personal life attacked by Flarion Director Victor Abramsky, the plaintiff resigned expecting to be wrongfully terminated.

7.      The plaintiff was a resident of the State of New Jersey at the time of his employment at Flarion and moved out of State thereafter in March of 2005.

8.      The Defendant, FLARION TECHNOLOGIES Inc., has its Office and Engineering facilities at Bedminster One, 135 Route 202/206 South, Bedminster, NJ 07921

9.      The plaintiff has sought in the past five (5) months to hire an attorney to take the within case and has been in discussions with at lease three (3) attorneys but because of his relocation to California, the plaintiff has not allocated the necessary time to prepare for legal action against the Defendant. However, because of the Qualcomm deal to acquire the Flarion Technologies and the uncertainties that might evolve, the plaintiff is now proceeding on a *Pro Se* basis.

10.     The defendant is guilty of encouraging, allowing or acquaising to its management employees to engage in the most severe forms of white collar crimes including blatant ethnic discrimination, hiring on the basis of ethnic background, wrongful terminations based on ethnic background, hostile environment, defamation and slander, conspiracy and premeditated actions to commit extortion, premeditated actions to implement ethnic cleansings and gross negligence. More particularly specifying said white-collar crimes, plaintiff says that:

A. The defendant and more specifically its Director Victor Abramsky is guilty of forcing the plaintiff to resign in March of 2005 out of no apparent reason other than the plaintiff's ethnic background. The plaintiff expecting to be fired and in a desperate situation to maintain child support payments was forced to take a job outside the State of New Jersey rather than find himself unemployed or in jail. That left the plaintiff devastated leaving his four (4) children behind.

B. The defendant and more specifically its Director Victor Abramsky is guilty of defamation and slander of the plaintiff in public department meetings attacking the plaintiff's personal life. Defamation and slander of many others in department meetings was common practice within the said Directors department.

C. The company' executive team and specifically its CEO, its former and present Vice Presidents and its Human Resources Department, are guilty of ethnic discrimination by allowing, aiding or acquiescing to Director Victor Abramsky's plans to create two ethnically distinct groups within his department, one comprised of purely (ex) Soviet Union people, referred to by others in the company as the "Russians" and a second

2

group comprised of various ethnic backgrounds, referred to by others (and themselves) as the "multi-nationals".    The plaintiff was told that a former Vice President of Engineering, Russ Dauer, had warned the executive team of the situation before he resigned but no action was taken.

D. The defendant's discriminatory actions included work assignments on the basis of ethnic background, which extended to biased performance reviews on the basis of ethnic background.  The "Russians" were exclusively assigned to work on Base Station equipment while the "multi-nationals" were exclusively assigned to work on Mobile Devices. The defendant, Flarion Technologies, is a company in the business of pioneering a new wireless technology and thus the company needed to develop two types of equipment, Wireless Base Stations (Antenna Tower equipment) and Mobile Devices such as PC Modem cards or mobile phones.

E. With the full knowledge of the company's executive team and the Human Resources Department, the most insidious and despicable form of ethnic discrimination in the said Director's department was an operation termed "ethnic cleansing", which began more than four (4) years ago in the Fall of 2000 and Spring of 2001 when gradually many multi-nationals were fired, wrongfully terminated or forced to quit under duress to be replaced by "Russians", effectively creating a Soviet Union protectorate within the company.  Many of the victims of "ethnic cleansing" spoke out to the executive team of the company who did nothing.  Victims of ethnic discrimination and the hostile environment included:

   a) Richard Winderman, American, terminated
   b) David Curall, American, terminated on or about January 2002
   c) Arthur Zekis, American, quit under duress
   d) Tom Head, American, switched departments within company only after two (2) weeks in the said Director's department
   e) David Miller, American, laid off as part of company layoffs but wrong choice
   f) Frank McRory, American, resigned only after two (2) months at the company
   g) Michael Vogas, ethnic Greek, quit under duress and a near revolution
   h) Vassos Marangos, *the plaintiff* and ethnic Greek, quit under duress
   i) Zenon Tofil, Ethnic Pole, resign after years of emotional abuse

3

American nationals (US-born) were the hardest hit in Victor Abramsky's department and could not survive for more than a few months at the company and thus the entire said department comprised of foreign-born engineers. Most of the victim's statute of limitation for legal action against the company expired.

F. There have been many other victims of the hostile environment and the ethnic discriminatory actions within the company that were victims of another Russian Manager, Vlad Parizhsky, who is believed to have colluded with his comrade Victor Abramsky. The plaintiff does not have enough information on the other victims but subpoenas of the company's records and testimony by the other victims will confirm the conspiracy.

G. The Ethic discrimination practiced by the defendant was also evident in the higher salary compensation and larger number of stock options the "Russians" received relative to what the "multi-nationals" received. The ethnic factor overrode job qualification factors.

H. The defendant is guilty of creating a hostile environment in the most literal meaning of the word which included:

    a) Speaking in Russian for four (4) years in front of others, during official business hours and during official company meetings or design reviews. Speaking in Russian included mocking of others in the foreign language.

    b) Creating vacation guidelines based on ethnic or gender background contrary to company's official guidelines.

    c) Alcohol use and coercion of employees to buy alcohol on a rotational basis even for employees who did not drink or their cultural background was contrary to alcohol consumption.

    d) Threatening employees with termination for no legitimate work reasons.

    e) No consistency in performance reviews, which were done at random times, randomly decided how and with whom, randomly decided to be oral or written, with no clear objectives or expectations and at the discretion of Directors who created a system of rampant corruption, where no checks and balances in place to protect employee rights. The violation of State and Federal employment and protection laws were up to individual Director at the company. The plaintiff never had a performance review the company.

4

f) Public slander and defamation of character in department meetings against the plaintiff and many others

I. As a retribution for the plaintiff's speaking out louder to the executive team than previous victims, the Human Resources department of the company maliciously refused extending the plaintiff's last day of work by one (1) week, from March 8, 2005 to March 15, 2005, to prevent one quarter (1/4) of the plaintiff's stock options to vest. March 15, 2005 would have been the plaintiff's one (1) year anniversary at the company.

J. The defendant is guilty of willfully and knowingly allowing its managers to engage in deception, conspiracy and premeditated actions to commit extortion or is guilty of surrendering and submitting to blackmail and extortions effectively giving a free hand to its managers to create and reign in fiefdoms of corruption and conspiracy that violated of State and Federal laws in the process.

K. The defendant, and specifically the Finance department of the company, is guilty of *gross negligence* by repeatedly failing to adhere to child support guidelines as directed by the child support agency and despite the plaintiff's pleadings of the catastrophic consequences that were looming. The State of New Jersey went after the plaintiff for perceived child support arrearages while the fragile relationship with his wife, with whom the plaintiff was attempting to reconcile at the time, shattered after matrimonial litigation was initiated against the plaintiff for perceived child support arrearages.

L. The defendant is guilty of violations of oral agreements in regards to promises of stock options and strike prices thereof upon the plaintiff's return to the company after leaving the first time. The plaintiff is aware of same happening to others.

11. The plaintiff is entitled to relief from the defendant under the above facts. Physical Evidence to substantiate every allegation made above will be provided in a Certification filing by the plaintiff.

12. The harm and damages the plaintiff and the other victims suffered as a result of the defendant's acts include:

A. The plaintiff's forced resignation and his seeking employment out of State causing the plaintiff financial damage in relocating and housing expenses.

5

B.  Consequential damages due to the loss of the plaintiff's ability to be near his children causing devastating emotional damages to plaintiff and his children.

C.  The professional growth of the plaintiff in the company suppressed despite the plaintiff's qualifications and expertise.

D.  The public defamation and slander of the plaintiff's personal life damaging his reputation in his professional circle.

E.  The plaintiff's loss of stock options due to forced premature employment termination and the loss stock options due to unfulfilled promises.

F.  The lower salary compensation and lower number of stock options the plaintiff received relative to other (Russian) employees with far less qualifications.

G.  The catastrophic consequences the plaintiff's suffered due to child support arrearages caused by the defendant's gross negligence in child support deductions, which caused the plaintiff's marital separation to go the opposite direction and thus eliminating the chances for reconciliation with his wife the plaintiff was pursuing, causing matrimonial litigation, his credit ruined due to child support agency reporting to credit agencies and the State of New Jersey going after the plaintiff for child perceived support arrearages.

H.  Pain and Suffering due to chronic ethnic discrimination and hostile environment.

*WHWREFORE*, the plaintiff demands judgment against defendant for damages:

A.  Awarding twenty million ($20 million) to the plaintiff in emotional damages, pain and suffering for causing the plaintiff to move away from his children and his God-given right to bond with his children taken away.

B.  Awarding five hundred thousand ($500,000) to the plaintiff for due to loss of income from lack of professional growth in the company, under-compensation for his qualifications during his employment and loss of future salary growth.

C.  Awarding two hundred thousand ($200,000) to the plaintiff for under-compensation in stock options in his initial hiring and the loss of stock options due to premature forced resignation.

D.  Awarding seven thousand ($7,000) to the plaintiff in legal fees for perceived child support arrearages the plaintiff needed to defend in court.

E.  Awarding thirty thousand ($30,000) to the plaintiff in housing expenses, relocation and future expenses for traveling back and forth to New Jersey for child visitations.

F.  Awarding seventy million ($70 million) in punitive damages for violating the plaintiff's employment rights and his being a victim of Ethnic Discrimination and Hostile Environment.

6

G.  Ordering an investigation into the defendant's employment practices.

H.  Ordering criminal indictment and prosecution of the company's executive team for willfully and knowingly violating Federal and State Laws.

I.  For any other compensatory damages, incidental and consequential damages, punitive damages, legal fees and costs of the suit, and any other relief as is deemed just and equitable under the circumstances.

**TOTAL judgment = $90,737,000** (ninety million)

Vassos Marangos
*Plaintiff pro se*

By: _____
Vassos Marangos

Dated: August 16, 2005

## *JURY DEMAND*

The plaintiff hereby demands trial by jury on all issues raised in this Complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

## *REQUEST FOR MICROSOFT POWER POINT PRESENTATION*

The plaintiff hereby respectfully requests to present to the jury all facts, evidence and circumstances of the within case using a Microsoft Power Point Presentation (MS PPT).  The plaintiff further requests to bring into the courtroom a projector for easier viewing by the jurors.

Vassos Marangos
*Plaintiff pro se*

By: _____
Vassos Marangos

Dated: August 16, 2005

7

8

## *CERTIFICATION OF NO OTHER ACTIONS*

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Furthermore, other than the parties set forth in this complaint, I know of no other parties that should be made part of this lawsuit.

In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original Certification.

By:

Vassos Marangos

*Plaintiff pro se*

Dated: August 16, 2005

8

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE:   CK   CG   CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

**1. ATTORNEY (PRO SE NAME)** VASSOS S. MARANGOS
**2. TELEPHONE NUMBER** 908 720-9023
**3. COUNTY OF VENUE** MONMOUTH

**4. FIRM NAME (if applicable)**

**5. DOCKET NUMBER (When available)**

**6. OFFICE ADDRESS** 15939 Avenida Venusto, #1236 SAN DIEGO, CA 92128

**7. DOCUMENT TYPE** COMPLAINT
**8. JURY DEMAND** ☑ YES ☐ NO

**9. NAME OF PARTY (e.g., John Doe, Plaintiff)** VASSOS MARANGOS PLAINTIFF

**10. CAPTION** VASSOS MARANGOS v. FLARION TECHNOLOGIES INC

**11. CASE TYPE NUMBER** (See reverse side for listing) 509 EMPLOYMENT

**12. IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☑ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**13. RELATED CASES PENDING?** ☐ YES ☑ NO
**14. IF YES, LIST DOCKET NUMBERS**

**15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☑ YES ☐ NO

**16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN** ☐ NONE ☑ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**17. A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☑ YES ☐ NO
**IF YES, IS THAT RELATIONSHIP** ☑ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

**18. B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☑ YES ☐ NO

**19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION**

FLARION TECHNOLOGIES, the defendant, is being acquired by another Company, Qualcomm. As such acceleration of this case is warranted.
ADDRESS of DEFENDANT: FLARION TECHNOLOGIES 135 ROUTE 202/206 SOUTH BEDMINSTER, NJ 07921

**20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☑ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

**21. WILL AN INTERPRETER BE NEEDED?** ☐ YES ☑ NO
IF YES, FOR WHAT LANGUAGE

**22. ATTORNEY SIGNATURE** Pro Se VASSOS MARANGOS

Revised effective 4/1/05