NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VASSOS MARANGOS : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FLARION TECHNOLOGIES, INC. : <br> : <br> Defendant. : <br> : | Civ. No. 05-4919 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Vassos Marangos ("Plaintiff") for reconsideration of the Court's May 1, 2007 Order. The Court has read and considered all documents filed and submitted and has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

**I.     BACKGROUND**

The extensive facts in this employment discrimination case are well known by the parties and need not be repeated at length here. In the Complaint, Plaintiff claimed that he received ethnically-based work assignments, was denied promotions and was segregated based on his ethnicity, or more specifically, because of his lack of "Russian" ethnicity. Plaintiff also claimed that he was constructively discharged from his position with defendant Flarion Technologies, Inc. ("Defendant") and was subjected to a hostile work environment. On May 1, 2007, this Court entered

an Order granting Defendant's motion for summary judgment and dismissing Plaintiff's Complaint in its entirety. On May 4, 2007, Plaintiff filed the instant motion for reconsideration of the Court's May 1, 2007 Order.

## II.   DISCUSSION

### A.   Standard for Motions for Reconsideration

The standard for reconsideration is high and reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration. L. Civ. R. 7.1(I). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. Bowers, 130 F. Supp. 2d at 613

(citations omitted); see also Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(citation omitted).

### B.  The Court's Order Did Not Constitute Clear Error

Plaintiff asserts that this Court disregarded evidence provided by Plaintiff in his opposition to Defendant's motion for summary judgment.  Pl.'s Br. at 3.  Plaintiff cites to several instances where he alleges the Court "overlooked" evidence, "left out" portions of both Plaintiff and Defendant's statement of facts and presented "favorable material for defendant while leaving out incriminating (for defendant) material."  See Pl.'s Br. at 4-10.  Plaintiff claims that the Court committed a clear error of law in granting Defendant's motion for summary judgment and requests consideration of the Court's May 1, 2007 Order dismissing the case in its entirety. [1]

Plaintiff asserts clear error because the Court did not address certain facts and/or utilized portions of factual statements as a basis for its decision.  However, Plaintiff misconstrues the standard for summary judgment.  While Plaintiff presented this Court with a plethora of facts, all were not supported by admissible evidence.  Further, the disputed facts that Plaintiff claims the Court "overlooked," are not material to the determination of this action.  For example, Plaintiff notes that this Court was unclear as to the date of Plaintiff 's last day with Defendant Flarion, and whether it was on March 8 or March 9, 2005.  Pl.'s Reply Br. at 2.  Plaintiff claims that he clarified the end date and pointed to evidence to show the correct date.  Id.  However, Plaintiff fails to recognize that this

---

[1] In his motion, Plaintiff did not set forth an argument regarding a change in the law or the availability of new evidence.

fact is not material to the determination of his claims. As set forth at length in the Court's May 1, 2007 Opinion, the threshold inquiry when deciding a motion for summary judgment is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).

Plaintiff also alleges that the Court "left out" portions of some statements of fact. However, as Defendant notes in its opposition to this motion, the Court accepts only those facts that are undisputed, which at times requires certain portions of statements to be omitted from the Court's analysis. The Court looks to whether the disputed facts that remain are material and must be decided by a finder of fact. For example, the Court's Opinion stated that: "[d]uring Plaintiff's first period of employment with Defendant, Victor Abramsky was the manager of Defendant's RF Engineering Department." May 1, 2007 Opinion at 2. Plaintiff claims that a portion of this statement was omitted, specifically "and Plaintiff's supervisor." As stated above, the Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(I); see also Ashton v. AT&T Corp., No. 03-3158, 2006 U.S. Dist. LEXIS 4787, at * 2-5 (D.N.J. Feb. 2, 2006) (citation omitted) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion."). The omission of this portion of the factual statement would not alter the Court's decision of Defendant's motion for summary judgment. The remaining facts cited by Plaintiff are of a similar nature, and would not change this Court's decision.

Plaintiff has not set forth any facts that this Court allegedly overlooked that would alter the

disposition of this motion for summary judgment.  Plaintiff did not establish that a genuine issue of material fact existed in this case, and failed to satisfy the standard for an employment discrimination claim.  Accordingly, Plaintiff has not set forth that the Court's May 1, 2007 Order constituted clear error.

Plaintiff also submits that his status as a *pro se* litigant was a large factor in the Court's decision to grant Defendant's motion for summary judgment.  Plaintiff makes the unfounded allegation that the Court decided this motion differently because he represented himself, and that the outcome would have been altered had Plaintiff been represented by an attorney.  It is apparent that Plaintiff's assertion lacks merit.  As set forth in the Court's May 1, 2007 Opinion, this Court carefully reviewed the submissions of all parties in this matter and conducted a thorough analysis of the lengthy factual record.  A motion for reconsideration is not an opportunity for a party to ask the court to readdress its decision simply because he disagrees with the outcome.  Plaintiff, as noted in his reply brief, can appeal this Court's decision if he so desires.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: June 12, 2007

                                                      s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.